UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


**CHRISTOPHER SCHERWITZ** AND **JOHN E.
FIGURIED**, on behalf of themselves and all others
similarly situated

v.

**ERIC BEANE** in his official capacity as Secretary of
the R.I. Executive Office of Health & Human Services,

Defendant.

_____/

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiffs are low-income individuals who have received an important Medicaid

   benefit, payment by Rhode Island Medicaid of their Part B Supplemental Medicare

   Insurance, and continue to be eligible for this benefit.   This program is called the

   Medicare Payment Program (MPP).   They have received inadequate written notice of

   MPP termination or had (or will have) their MPP benefits terminated without

   adequate advance notice in violation of federal law.

2. Defendant's termination of MPP benefits without adequate advance notice has caused

   many households to suffer as these low-income individuals are required to pay the

   Medicare Part B Supplement, which may be as much as $134, out of their Social

   Security benefits.  For low-income individuals, such a loss of income puts them at

risk of losing their homes and their utilities and deprives them of funds needed for their daily living expenses, including food.

3. Accordingly, Plaintiffs bring this action on behalf of themselves and a proposed class of similarly situated low-income individuals challenging Defendant's policies and practices of failing to provide adequate notice of terminating MPP benefits.

4. Plaintiffs seek preliminary and permanent injunctive relief enjoining Defendant (1) from terminating any MPP benefits without first providing adequate advance written notice of the reason for the termination of benefits, including the basis in regulation or statute for the termination, and (2) requiring Defendant to immediately restore individuals who have been terminated without adequate advance notice to their MPP benefits, with retroactive payment to the month of termination.

## JURISDICTION

5. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331, which provides for jurisdiction in the United States district courts over civil actions arising under the Constitution, laws, or treaties of the United States.

6. This action is brought under 42 U.S.C. § 1983 to redress the deprivation of federal statutory and constitutional rights.

## CLASS ALLEGATIONS

7. Plaintiffs bring this action under Federal Rule of Civil Procedure Rule 23(a) and (b)(2) on behalf of a class defined as follows:

> All Rhode Island residents who now or in the future have received inadequate written notice of Medicare Premium Payment termination or who had (or will have) Medicare Premium Payment benefits terminated without adequate advance written notice.

8. The class is so numerous that joinder of all members is impracticable. More than a thousand Rhode Island residents receive MPP benefits. Many have had their MPP benefits terminated without adequate advance written notice, and all are at risk of having their MPP benefits terminated without adequate advance written notice.

9. There are numerous questions of fact and law common to the class concerning whether Defendant fails to provide adequate advance written notice of termination to MPP recipients.

10. The individual Plaintiffs seeking to represent the class present claims that are typical of the claims of the class. Both the named Plaintiffs and absent members of the class were terminated from MPP benefits without adequate advance written notice or have received inadequate advance notice of pending termination of their MPP benefits or are at risk of having their MPP benefits terminated without adequate advance written notice.

11. Declaratory and injunctive relief are appropriate with respect to the class as a whole, because Defendant has acted on grounds applicable to the class.

12. The named Plaintiffs and the proposed class are represented by Ellen Saideman, who is experienced in class action litigation and Medicaid litigation in federal court. She will adequately represent the class.

**PARTIES**

13. Plaintiff Christopher Scherwitz resides in Johnston, Rhode Island.

14. Plaintiff John Figuried resides in Cranston, Rhode Island.

15. Defendant Eric Beane is the Secretary of the Rhode Island Executive Office of Health and Human Services (EOHHS), the state agency responsible for administering the

Medicaid program in Rhode Island and ensuring compliance with federal law relating
to Medicaid.  R.I. Gen. Laws § 42-7.2-2(6).  He is sued in his official capacity.

## STATUTORY AND REGULATORY SCHEME

16.  Medicaid is a joint federal and state program that provides health care coverage for
low-income individuals.  Medicaid is administered by states according to federal
requirements set out in both statutes and regulations.

17. Among other benefits, Medicaid provides the MPP program for certain individuals
who are elderly or have disabilities and are also eligible to receive Medicare benefits.
The MPP program provides significant financial assistance to those who qualify:  the
state pays eligible recipients' monthly Medicare Part B premiums and (in some cases)
Part A premiums.  In 2017, the monthly Part B premium ran from $104 to $134 per
month.  The amount of an individual's monthly Medicare premium depends on
several factors, including how recently s/he became eligible for Medicare and/or
MPP.   For eligible recipients whose countable income is no greater than 100% of the
federal poverty limit, MPP benefits include both the premium payment and the
elimination of Medicare cost-sharing (payment of Medicare copayments and
deductibles).   The MPP program has also been called the "Medicare buy-in
program."

18. Rhode Island participates in both Medicaid and MPP.

19.  There are thousands of low-income individuals in Rhode Island who participate in
the MPP program.

20. Rhode Islanders may qualify for MPP benefits if they are eligible for Medicare, have
countable income up to 135% of the Federal Poverty Level, and have resources

within federally-specified limits.  Many MPP recipients live on a fixed income, generally a monthly Social Security benefit received due to age or disability.

## FACTUAL ALLEGATIONS

### A. Facts Common to the Class

21. Prior to September 2016, the state used a computer system called InRhodes to determine Medicaid eligibility, including MPP eligibility, and to generate MPP notices of denial or termination.  Rhode Island decided to replace InRhodes with a single integrated electronic eligibility system, which would determine eligibility for all public assistance programs and for the health insurance programs, administered through the state-run health benefits exchange under the Affordable Care Act.  The project was called the Unified Health Infrastructure Project, or UHIP.  UHIP went live in September 2016.

22. Every month EOHHS submits a report to the federal government with a list of the individuals to be accreted to (added) or deleted from the MPP program.

23. Thus, when their accretion (addition) is effective, the SSA stops withholding the Medicare Part B Supplement from their Social Security benefits.  When their terminations are effective, the SSA starts withholding the Medicare Part B Supplement from their Social Security benefits.

24. Because it takes time for the accretions and deletions to be communicated to the Social Security Administration and become effective, typically it takes several months for the changes to be effective.

25. Once the accretion is accepted, Social Security refunds the beneficiary all premiums he or she paid from the month of eligibility for MPP to the month of correction

(reinstatement) and stops deducting the monthly premium from the beneficiary's Social Security in the following month.

26. Once a deletion is effective, Social Security starts deducting the monthly premium from the beneficiary's Social Security in the following month and also deducts up to two months of premiums (one month in advance) from the beneficiary's Social Security because of the delays in communicating and implementing the deletion.

27. After UHIP went live, Rhode Island Legal Services (RILS) began getting calls from multiple clients who received notices from the Social Security Administration (SSA) saying that R.I. had stopped paying their Medicare premiums and informing them that SSA had deducted two months of premiums from their monthly Social Security benefit. The fact pattern in each case was the same: the clients reported not receiving any advance notice from EOHHS that MPP was to be terminated and that they did not know that their MPP benefits were terminated until they received the SSA notices.

28. Defendant's implementation of the UHIP program led to termination of MPP benefits without any written notice at all at least through June 2017 for a significant number of individuals who receive MPP benefits. Although EOHHS has agreed to reinstate MPP benefits for numerous individuals, it has failed to fix the problem systemically and reinstate every individual whose MPP benefits were terminated and ensure that each individual received all the retroactive benefits that were due. Thus, there are still a number of individuals whose MPP benefits were terminated without notice who still have not had their benefits reinstated, with all retroactive payments.

29. More recently, RILS has been contacted by clients who had been receiving MPP benefits with a new problem: they received a written notice from EOHHS saying that

their MPP benefits would end; the notices identified the date MPP benefits would end but did not explain why benefits were ending and contained no citation to a regulation. Each notice had the same format: the place for inserting a reason for termination ("why benefits are ending") was left blank and "NA" was inserted into the space for inserting a citation to the relevant regulation.

30. Rhode Island is failing to provide adequate advance written notice before terminating MPP benefits.

31. In some cases, Rhode Island fails to provide any advance written notice at all before terminating MPP benefits.

32. In other cases, Rhode Island provides advance written notice that MPP benefits will be terminated but does not provide any reason for the termination.

**B. Facts of Individual Named Plaintiffs**

33. Christopher Scherwitz, who is 30 years old, receives Social Security Disability because of his disabilities. He began receiving SSDI in about 2014, and, at about the same time, began receiving Medicare benefits and also MPP benefits.

34. In June 2017, Mr. Scherwitz's MPP benefits stopped, and the Social Security Administration began taking $134 out of his benefit check every month.

35. As of January 2018, he will be receiving $889 each month in SSDI, and $134 will be subtracted to pay for the Medicare Part B Supplement, leaving him with $755 in income.

36. He never received any advance written notice from the State of Rhode Island or any of its state agencies that his MPP benefits would stop.

37. The reduction of $134 in his monthly income has been a substantial hardship. He has

had to borrow money from his mother, and, as a result, she has fallen behind in her utility payments. Both Mr. Scherwitz and his mother worry that their utilities will be shut off because she has been unable to make the payments.

38. John Figuried is 82 years old, and he receives Social Security benefits because of his age. He began receiving Social Security benefits when he was 62 years old. He has received Medicare benefits and MPP benefits for many years.

39. In October, Mr. Figuried received a notice from the State of Rhode Island. It stated that his MPP benefits would be ending as of October 31, 2017. The spot on the notice for the reasons why his benefits were ending was blank. No reason for the termination was given at all.

## STATEMENT OF CLAIMS

### FIRST CLAIM (MEDICAID)

1. The Medicaid statute requires that a State provide for procedural due process, including a fair hearing, whenever Medicaid benefits are denied. 42 U.S.C. § 1396a(a)(3).

2. The pertinent federal regulation regarding the content of the notice that must be provided when a state agency takes action terminating Medicaid services provides that a notice terminating Medicaid services must include, among other things, "[a]clear statement of the specific reasons supporting the intended action," 42 C.F.R. § 431.210(b), and "[t]e specific regulations that support, or the change in Federal or State law that requires the action." 42 C.F.R. § 431.210(c). *See also* 42 C.F.R. § 431.206(c)(2).

3. Defendant has either failed to provide any notice at all or has provided notice that

8

does not include the specific reasons for its action nor the specific regulations or change in Federal or State law that requires the action.

4. Defendant's policies, practices, and procedures of failing to provide adequate advance written notice prior to terminating individuals from the MPP program thereby violate the requirements of 42 U.S.C. § 1983, 42 U.S.C. § 1396a, 42 C.F.R. § 431.206(c)(2), and 42 C.F.R. § 431.210.

## SECOND CLAIM (DUE PROCESS)

5. Defendant's policies, practices, and procedures of failing to provide adequate advance written notice and opportunity to request a fair hearing to MPP recipients violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask that this Court enter judgment in favor of Plaintiffs and the class they represent, as follows:

A. Assume jurisdiction of this matter;

B. Certify this action as a class action under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure with respect to the proposed class identified herein;

C. Declare that Defendant's policies and practices of failing to provide an adequate advance written notice and opportunity to request a fair hearing to MPP recipients prior to terminating their MPP benefits violates (1) the Medicaid statute, 42 U.S.C. § 1396a(a)(3), and regulations, 42 C.F.R. § § 431.206(c) & 431.210, and (2) the Due Process Clause of the Fourteenth Amendment to the United States

Constitution;

D.    Preliminarily and permanently enjoin Defendant: (1) from terminating MPP benefits without adequate advance notice and (2) to reinstate individuals who were terminated from MPP benefits without adequate advance notice and instruct SSA to provide them with full retroactive benefits;

E.    Award Plaintiffs litigation costs and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and

F.    Grant such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted by:


/s/ Ellen Saideman
Ellen Saideman, Esq.
Bar #6532
Law Office of Ellen Saideman
7 Henry Drive
Barrington, RI  02806
401.258.7276
fax 401.709.0213
esaideman@yahoo.com

Cooperating Attorney
American Civil Liberties Union Foundation
of Rhode Island